

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERNEST WHITE | CIVIL ACTION NO. 05-0106 |
| VERSUS | SECTION "P" |
| LA DEPT PUBLIC SFTY, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by pro se plaintiff,**ERNEST WHITE**, ("Plaintiff"). This complaint was originally filed in the Middle District of Louisiana, and was transferred to the Western District of Louisiana on January 13, 2005. [Rec. Doc. 3] Plaintiff was granted leave to proceed *in forma pauperis* on February 14, 2005. [Rec. Doc. 4] Plaintiff is currently confined at Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Plaintiff names Louisiana Department of Public Safety and Correction, Charles Dubroc, and Rhonda Bernard as defendants.

Plaintiff alleges that he was improperly convicted in a disciplinary proceeding. [Rec. Doc. 1, p.4] He asserts that on

Plaintiff seeks to have this conviction overturned. Plaintiff requests relief in the form of monetary damages. [Rec. Doc. 1 p.5]

**Frivolity**

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

## Heck v. Humphrey

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in *Clarke v. Stalder*, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, *Clarke v. Stalder*, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction" does not accrue until that "conviction"[1] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Clarke*, 154 F.3d at 189; *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would

---

[1] Prison disciplinary actions are "convictions" for purposes of *Heck*. *Clarke*, 154 F.3d at 189.

'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. *Heck*, 114 S.Ct. at 2372.

Moreover, claims challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable until the relevant "conviction" has been reversed, expunged, or otherwise declared invalid if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the disciplinary proceeding. *Clarke*, 154 F.3d at 189-91 citing *Edwards*, 117 S.Ct. at 1588.

Until plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted.

Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim should be dismissed with prejudice until the requirements of *Heck v. Humphrey*, supra, are met.[2]

### 8th Amendment Excessive Force

To establish a violation of the Eighth Amendment, Plaintiff must demonstrate (1) "the objective component of conditions 'so serious as to deprive [him] of the minimal measure of life's

---

[2] In *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."

4

necessities as when it denies the prisoner some basic human need[,]" ' ... and (2) the subjective component, *i.e.*, "the prisoner must establish that the responsible prison officials acted with deliberate indifference to his [health or safety]." Harper v. Showers, 174 F.3d at 720 (quoting Woods v. Edwards, 51 F.3d at 581 (internal quotation omitted)) (footnotes omitted). In addition, "[u]nder [42 U.S.C.] §§1997e(e), '[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," ' Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir.2003). "The " 'physical injury' required by §§ 1997e(e) 'must be more than de minimus [*sic* ], but need not be significant." ' *Id.* (quoting Harper v. Showers, 174 F.3d at 719 (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997))) (alteration in the original). "[W]ithout this *de minimis* threshold, every 'least touching' of a [prisoner] would give rise to section 1983 liability.... Not only would such a rule swamp the federal courts with questionable excessive force claims, it would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities." Riley v. Dorton, 115 F.3d 1159, 1167 (5th Cir.1997).

Plaintiff's complaint demonstrates that the guard used mace to quell a disturbance Plaintiff was making in his cell. Plaintiff,

5

despite an opportunity to amend, has failed to demonstrate an injury that rises to the level necessary to state a claim. Therefore, this claim should be dismissed as frivolous.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's challenge to his disciplinary conviction be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) until the *Heck* conditions are satisfied. **IT IS FURTHER RECOMMENDED** that the remainder of Plaintiff's claims be be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _2nd_ day of _September_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE